IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| MARIA DE JESUS DENIZ MURILLO, | ) | No. 78317-3-I |
| Appellant, | ) ) ) | |
| v. | ) | UNPUBLISHED OPINION |
| MAURICIO ANTONIO, | ) ) ) | |
| Respondent. | ) ) | FILED: September 16, 2019 |

PER CURIAM — In linked appeals,[1] Maria De Jesus Deniz Murillo

challenges the dismissal without prejudice of her petitions for civil sexual assault

protection orders against two workplace supervisors. The superior court

dismissed the petitions, concluding they were "trumped" by the charges filed in

parallel criminal proceedings but could be refiled "upon the resolution of the

criminal matters." This court directed appellant to file a supplemental brief

addressing appealability and mootness.

In her supplemental briefs, appellant concedes that the criminal

proceedings have resolved and that these appeals are now moot. She argues,

however, that the appeals present issues of public interest that satisfy the criteria

for review of moot issues. She correctly notes that, in similar circumstances, this

court recently applied the factors identified in King v. Olympic Pipeline, 104 Wn.

App. 338, 16 P.3d 45 (2000) and concluded that "a court could reasonably

---

[1] This appeal is linked with Murillo v. Benicio-Zepeda, No. 78318-1-I.

decide that the . . . factors heavily weigh in favor of proceeding with [a civil domestic violence protection order] matter before resolution of [the parallel] criminal case." Smith v. Smith, 1 Wn. App. 2d 122, 141, 404 P.3d 101 (2017). In so holding, we noted that "[d]enying a full protection order because of the defendant's pending parallel criminal proceedings neither honors the purpose of the [domestic violence protection order] nor serves the public interest of ensuring victims of domestic violence have access to an expedited process for receiving a protection order." Smith v. Smith, 1 Wn. App. 2d at 140-41. Smith strongly suggests that the superior court's dismissal of the petitions due to the parallel criminal proceedings without considering the Olympic Pipeline factors was error. Nevertheless, because respondents have not filed briefs on appeal, we decline to consider review under the criteria for moot appeals.

This appeal is dismissed as moot.

FOR THE COURT:

_____
_____
_____